IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00530-PAB

PAUL A. LUERS,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

    This matter comes before the Court on plaintiff Paul A. Luers' motion for attorney's fees [Docket No. 21] brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), which defendant Michael J. Astrue (the "Commissioner") opposes [Docket No. 22]. The Commissioner believes he was "substantially justified" in litigating this appeal. *Cf. Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008) ("EAJA fees are assessed against the United States when its actions were not 'substantially justified.'" (citing 28 U.S.C. § 2412(d)(1)(A) (2006))). He further argues that, in the event fees are awarded, the amount should be reduced.

    "[A] claimant may seek to defray the cost of appealing from an agency decision to a court under the . . . [EAJA] fee shifting statute." *Wrenn*, 525 F.3d at 934 (citing 28 U.S.C. 2412 (2006)). "The EAJA statute provides that 'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency

action, brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A) (2006) (omissions in original) (emphasis omitted)). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Under the EAJA, the government bears the burden of showing that its position was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).[1]

Here, the Court reversed and remanded the Commissioner's decision that plaintiff was not disabled because the Commissioner failed to apply Social Security Ruling 83-20 ("SSR 83-20") in determining plaintiff's disability onset date. *See* Docket No. 16; Docket No. 20 at 10. The Commissioner argues that the findings of the Administrative Law Judge ("ALJ") regarding the plaintiff's alleged onset date were substantially justified. The ALJ, however, wholly failed to apply SSR 83-20, incorrectly concluding that he was not permitted to rely on anything other than contemporaneous evidence. *See* SSR 83-20 (medical evidence may permit an ALJ to "reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working"). The

---

[1] The Court is to consider both the government's position in the underlying agency action and its position during any subsequent litigation. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

Court reversed the Commissioner's decision because of this failure to apply SSR 83-20 and not, as the Commissioner characterizes the Court's decision, because the ALJ did not properly weigh the relevant evidence when applying SSR 83-20. Because the ALJ ignored the requirements of SSR 83-20, the Commissioner's position was not substantially justified. *See Blea v. Barnhart*, 466 F.3d 903, 909 (10th Cir. 2006) ("SSR 83-20 is 'binding on all components of the Social Security Administration,' including ALJs. . . .") (citing 20 C.F.R. § 402.35(b)(1)). Therefore, the Court will award plaintiff his reasonable attorney's fees.

The Commissioner also argues that plaintiff's requested fee award is unreasonable to the extent it includes his attorney's full hourly rate for time spent traveling to oral argument before this Court. *See* Docket No. 22 at 11. The Commissioner, however, identifies no reason to reduce the hourly rate requested by plaintiff for the time his counsel spent traveling to the oral argument.[2] The Commissioner cites two cases where the Tenth Circuit found that district courts did not abuse their discretion by awarding a lower hourly rate for attorney travel time. *See* Docket No. 22 at 11-12 (citing *Lockard v. Pizza Hut*, 162 F.3d 1062, 1076 (10th Cir. 1998); *Smith v. Freeman*, 921 F.2d 1120, 1122 (10th Cir. 1990)). The Commissioner fails to explain why a lower rate should be awarded for travel time *in this case*. The Commissioner's only specific contention regarding the reasonableness of plaintiff's hourly rate is that it "is reasonable based on the current consumer price index." Docket

---

[2] Plaintiff also requests a fee award for the time his counsel spent addressing the Commissioner's response to his motion for attorney's fees. *See* Docket No. 23 at 10-11. The Commissioner did not seek leave to file a surreply in order to respond to this request, and the Court concludes that plaintiff's request is reasonable.

No. 22 at 11.  Furthermore, the Commissioner does not propose by how much the hourly fee should be reduced in any event.  The Court finds that plaintiff's request for attorney's fees, including the request for attorney's fees for travel time, is reasonable and appropriate.

For the foregoing reasons, it is

**ORDERED** that plaintiff Paul A. Luers' motion for attorney's fees [Docket No. 21] is GRANTED.  Defendant is ordered to pay the amount of $6,499.00 to plaintiff for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).  It is further

**ORDERED** that the EAJA attorney fee award shall be made payable to plaintiff and mailed to plaintiff's attorney pursuant to *Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007).

DATED August 30, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge